IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PHAEDON DIMITRI MANGRIOTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:24-cv-3-ECM |
| | ) | [WO] |
| UNITED STATES CITIZENSHIP AND | ) | |
| IMMIGRATION SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

In 1954, Plaintiff Phaedon Dimitri Mangriotis, who was born in Greece, was naturalized as a United States citizen. His certificate of naturalization reflects that his date of birth is September 30, 1929. But several years ago, Mr. Mangriotis discovered that this date is incorrect and his true date of birth is October 10, 1929. On January 4, 2024, Mr. Mangriotis filed a "Petition for a Birthdate Correction on a Certificate of Naturalization" pursuant to 8 C.F.R. § 338.5. (Doc. 1). Defendant United States Citizenship and Immigration Services ("USCIS") filed an answer on April 8, 2024, and the parties have represented to the Court that this matter is ripe for disposition.

Upon consideration of the parties' submissions, the evidence, the relevant law, and for the reasons that follow, the Court finds that Mr. Mangriotis' petition is due to be granted.

## II.  BACKGROUND

Mr. Mangriotis was born in Greece in 1929.  He grew up believing that his date of birth is September 30, 1929.  On January 26, 1954, Mr. Mangriotis was naturalized as a United States citizen in this Court, which coincided with his being drafted into the United States Army during the Korean War.  A record reflecting that Mr. Mangriotis was naturalized in this Court is attached to this Opinion as "Exhibit A."  Mr. Mangriotis' certificate of naturalization reflects that his date of birth is September 30, 1929.  However, in 2008, Mr. Mangriotis obtained an official copy of his Greek birth certificate, which reflects that his date of birth is actually October 10, 1929.  Mr. Mangriotis' official Greek birth certificate and a certified translation are attached to his petition. (Doc. 1-3).  Because his parents had passed away prior to 2008, he was unable to ask them about the birthdate error.[1]  He asserts that he did not take steps to correct his date of birth for several years because the error did not pose any obstacles; however, he is now 94 years old and wishes to get his affairs in order.  The USCIS has represented to the Court that it does not dispute the authenticity of Mr. Mangriotis' Greek birth certificate.  The USCIS has also represented that it has no evidence suggesting that Mr. Mangriotis has acted fraudulently or in bad faith with respect to the date of birth on his certificate of naturalization.

---

[1] At a status conference, Mr. Mangriotis' counsel advised the Court that the birthdate error may have occurred because in 1923, Greece switched from following the Julian calendar to the Gregorian calendar.

## III. DISCUSSION

### A. Jurisdiction

Before turning to the merits, the Court addresses its jurisdiction over this action. In 1990, Congress passed the Immigration Act of 1990, providing that naturalization authority was transferred from the federal courts to the United States Attorney General, effective October 1, 1991. *See* Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978 (Nov. 29, 1990); *accord Collins v. U.S. Citizenship & Immigr. Servs.*, 820 F.3d 1096, 1099 (9th Cir. 2016); *Manoukian v. Sec'y U.S. Dep't of Homeland Sec.*, 2013 WL 8635081, at *2 (M.D. Fla. Nov. 15, 2013).[2] The statute in effect before 1991 authorized "the naturalization court, by or in which a person has been naturalized" to correct or amend "its judgment or decree naturalizing such person." 8 U.S.C. § 1451(i) (1988). Because Mr. Mangriotis was naturalized before October 1, 1991, the Court finds that it, as the naturalization court, has jurisdiction over his petition to correct his court-issued certificate of naturalization. *See generally Collins*, 820 F.3d 1096 (holding that federal courts have jurisdiction over petitions to correct court-issued certificates of naturalization pursuant to the pre-1990 version of 8 U.S.C. § 1451(i)); *Manoukian*, 2013 WL 8635081, at *2; *Thao Ngoc Phuong Tu v. U.S. Citizenship & Immigr. Servs.*, 2019 WL 2344219, at *2 (N.D. Ga. Apr. 15, 2019), *report and recommendation adopted sub nom. Thao Ngoc Tu v. USCIS*, 2019 WL 2354980 (N.D. Ga. May 16, 2019); *cf. Manoukian*, 2013 WL 8635081, at *3–*4 (concluding that

---

[2] Here, and elsewhere in this Opinion, the Court cites nonbinding authority. While the Court acknowledges that these cases are nonprecedential, the Court finds their analysis persuasive.

the court lacked the authority to correct the petitioner's certificate of naturalization because the court did not issue the original certificate).

### B. Legal Standard

The parties did not cite any caselaw from the Eleventh Circuit addressing the Court's authority to amend a court-issued certificate of naturalization, and the Court's independent research revealed none. However, district courts both within and outside the Eleventh Circuit have addressed the issue. The Court agrees with the Northern District of Georgia's observation that "courts have not been entirely consistent in articulating the standard that should apply when considering a motion to correct or change a court-issued certificate of naturalization." *Thao Ngoc Phuong Tu*, 2019 WL 2344219, at *2. The Court also observes that courts have not been entirely consistent in articulating the appropriate procedural mechanism for considering such relief. Several courts, including district courts in this circuit, have concluded that courts have authority under Rule 60(b) of the Federal Rules of Civil Procedure to correct or amend a certificate of naturalization issued by that same court. *See, e.g.*, *Manoukian*, 2013 WL 8635081, at *2 (explaining that pre-1991 naturalization orders "were unquestionably court orders" and that Rule 60(b) provides a mechanism for modifying a court's prior order); *Thao Ngoc Phuong Tu*, 2019 WL 2344219, at *2. Rule 60(b) authorizes courts to grant relief from a final judgment or order for several enumerated reasons, including mistake, newly discovered evidence, fraud, and "(6) any other reason that justifies relief." While relief under Rule 60(b)(6) requires showing "extraordinary circumstances," the decision whether to grant such relief is "a

4

matter for the district court's sound discretion." *Arthur v. Thomas*, 739 F.3d 611, 628 (11th Cir. 2014) (citations omitted).

In *Thao Ngoc Phuong Tu*, the court explained that a federal district court in Minnesota, after cataloguing various standards courts have employed in this context, observed that courts have granted petitions to amend or correct a naturalization certification in the following circumstances:

> when: (1) there is clear and convincing evidence that the birth date on the certificate of naturalization is wrong; (2) there is little or no evidence that the petitioner acted fraudulently or in bad faith either when he or she initially provided the incorrect birth date to immigration authorities or when he or she later sought to amend the certificate of naturalization; and (3) there is reliable evidence supporting the birth date that the petitioner now alleges is correct.

2019 WL 2344219, at *2 (quoting *Hussain v. U.S. Citizenship & Immigr. Servs.*, 541 F. Supp. 2d 1082, 1087 (D. Minn. 2008)). The court in *Thao Ngoc Phuong Tu* reasoned that "[t]hose standards make sense" and that "[r]equiring clear and convincing evidence that the current certificate is incorrect, coupled with no evidence of fraud or bad faith, along with reliable evidence of the correct date of birth, ensures that courts will only grant these types of motions to amend under the extraordinary circumstances required by Rule 60(b)(6)." *Id.* Applying that standard, the court granted the plaintiff's motion to correct her certificate of naturalization pursuant to Rule 60(b)(6), finding that her birth certificate provided "clear and convincing evidence" that the date of birth on her certificate of naturalization was wrong, there was no evidence of fraud or bad faith, and there was reliable evidence of the plaintiff's true date of birth (her translated Vietnamese birth certificate). *Id.* at *3.

Other courts, including district courts in this circuit, have not relied upon Rule 60(b) in determining whether to amend or correct a certificate of naturalization. *See, e.g.*, *Garcia v. Rinehart*, 2020 WL 4043608, at *2, *4 (S.D. Fla. July 17, 2020); *In re Emadzadeh*, 2022 WL 3030476 (E.D.N.Y. Aug. 1, 2022). For example, a federal district court in Florida granted a plaintiff's motion for judgment on the pleadings under Rule 12(c) and directed the USCIS to issue an amended certificate of naturalization reflecting the plaintiff's true date of birth. *Garcia*, 2020 WL 4043608, at *4. Although the court did not mention Rule 60(b), the court articulated and analyzed a legal standard substantially similar to the standard employed in cases such as *Thao Ngoc Phuong Tu*. The *Garcia* court concluded that the plaintiff was entitled to relief after finding, based on the evidence presented, that the birth year on the plaintiff's certificate of naturalization (1936) was wrong, there was no evidence of fraud or bad faith, and the plaintiff's true birth year was 1938. *Id.* Similarly, another federal district court granted a petitioner's request to correct his certificate of naturalization without citing any particular Rule of Civil Procedure. *See generally In re Emadzadeh*, 2022 WL 3030476. Nonetheless, the court found that the petitioner had presented "clear evidence" of his true date of birth—specifically, a certified translation of his birth certificate—and that there were "no concerns" that the petitioner had acted fraudulently. *Id.* at *1. Again, this analysis is substantially similar to the analysis employed in cases such as *Thao Ngoc Phuong Tu*.

The Court concludes that Mr. Mangriotis is entitled to relief, regardless of which procedural vehicle or standard applies. His official Greek birth certificate, the authenticity of which is undisputed, qualifies as clear and convincing evidence that the date of birth on

6

his certificate of naturalization is wrong, and it is also reliable evidence supporting the date of birth that he now alleges is correct. *See Thao Ngoc Phuong Tu*, 2019 WL 2344219, at *2; *Garcia*, 2020 WL 4043608, at *4; *In re Emadzadeh*, 2022 WL 3030476, at *1. Additionally, there is no evidence before the Court that Mr. Mangriotis acted fraudulently or in bad faith. *See Thao Ngoc Phuong Tu*, 2019 WL 2344219, at *2; *Garcia*, 2020 WL 4043608, at *4; *In re Emadzadeh*, 2022 WL 3030476, at *1. Although he learned about the birthdate error in 2008 and did not take steps to correct it for a number of years, that fact alone does not establish fraud or bad faith. Moreover, it is not apparent what Mr. Mangriotis would have gained by supplying an incorrect date of birth when he was naturalized or anytime afterwards, or what he would gain from now falsely asserting that his true date of birth is 10 days later than the date on his certificate of naturalization. *See Garcia*, 2020 WL 4043608, at *4 (finding that there was no evidence that "the incorrect birth year [the plaintiff] presented ever afforded her any benefits that she would not have otherwise been entitled to had she supplied her correct birth year"); *cf. Hussain*, 541 F. Supp. 2d at 1087 (observing that other courts have found that "the petitioners' culpability was no bar to relief" where the petitioners "did not misrepresent their ages to gain any immigration benefits"). Finally, USCIS takes the position that this Court has the discretion to amend the court-issued certificate of naturalization. (Doc. 19 at 10). Consequently, the Court concludes that Mr. Mangriotis' petition is due to be granted.

## IV.  CONCLUSION

For the reasons stated, and for good cause, it is

ORDERED as follows:

7

1. Phaedon Dimitri Mangriotis' petition (doc. 1) is GRANTED, and judgment is entered in his favor;

2. The USCIS shall immediately issue Mr. Mangriotis a corrected certificate of naturalization which identifies his date of birth as **October 10, 1929**. The Court authorizes this correction pursuant to 8 C.F.R. § 338.5.

A separate Final Judgment will be entered.

DONE this 23rd day of April, 2024.

                                        /s/ Emily C. Marks
                                        EMILY C. MARKS
                                        CHIEF UNITED STATES DISTRICT JUDGE

# EXHIBIT A

No. 7058270

Name Mangriotis, Phaedon Demetrios

residing at Hdq. & Hdq. Svc. Co., 423rd Engr. Bn. (Cons Camp Rucker, Alabama.

Date of birth 9/30/29    Date of order of admission 1/26/54

Date certificate issued January 26, 1954 by the

U.S. District Court at Montgomery, Alabama

Petition No. 2732-M

Alien Registration No. _____

*Phaedon Demetrios Mangriotis*
(Complete and true signature of holder)

ALL PETITIONS FOR NATURALIZATION PRIOR TO 07/15/60 HAVE BEEN SENT TO THE REGIONAL ARCHIVES IN EAST POINT, GEORGIA